■ IMPALA ELECTRONICS, INC., Appellant, v. RIKER VIDEO INDUSTRIES, INC., Respondent.— Order of the Supreme Court, Nassau County, dated February 8, 1968, modified, on the law and the facts, by (1) striking out the last three decretal paragraphs thereof, which granted only to a limited extent plaintiff's motion for a protective order, and (2) substituting therefor a provision granting said motion, but with leave to defendant to apply for an examination before trial upon setting forth facts tending to support the allegations of the counterclaim. As so modified, order affirmed, without costs. (The appeal insofar as taken by counterclaim-defendant Pistone has been withdrawn [Point III of his attorneys' brief for plaintiff].) This is an action to recover for goods sold and delivered and on an account stated. In its answer, defendant admits that merchandise of the value of $126,562.29 has not been paid for, but counterclaims for damages resulting from an alleged conspiracy between its purchasing agent and plaintiff. On information and belief defendant alleges that its agent stole merchandise which defendant had received from plaintiff, and returned some to plaintiff, which then resold such merchandise to defendant; that the purchasing agent bought plaintiff's goods at prices higher than those of others in the trade; and that the agent arranged for plaintiff to employ his wife. In an affidavit, defendant's president states that an investigation revealed that the agent had stolen parts from defendant, that some of those parts were found in plaintiff's warehouse and that the agent was subsequently indicted for larceny. Defendant served a notice to examine plaintiff's records dating back to 1963. Included in the notice to examine was an extremely broad list of books and records. Plaintiff sought a protective order and summary judgment. The order under review denied the motion for summary judgment, but granted the protective relief to the extent of limiting the time period for which the books and records were to be produced. We agree with the denial of the motion for summary judgment since sufficient factual questions exist on plaintiff's claims. So far as the notice to examine is concerned, it was very broad, and in view of the allegations of the counterclaims the denial of a protective order was an improvident exercise of discretion. Since the substantial allegations in the counterclaims were on information and belief, we are of the opinion that a protective order should have been granted. Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.